22CA0351 Peo v Skinner 09-19-2024

COLORADO COURT OF APPEALS

Court of Appeals No. 22CA0351
City and County of Denver District Court No. 21CR2577
Honorable Ericka F.H. Englert, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Randul L. Skinner,

Defendant-Appellant.

JUDGMENT AFFIRMED

Division III
Opinion by JUDGE DUNN
Navarro and Gomez, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced September 19, 2024

Philip J. Weiser, Attorney General, Jaycey DeHoyos, Assistant Attorney
General, Denver, Colorado, for Plaintiff-Appellee

Snow Criminal Defense LLC, Barbara A. Snow, Longmont, Colorado, for
Defendant-Appellant

¶ 1     Defendant, Randul L. Skinner, appeals the judgment of conviction entered on jury verdicts finding him guilty of attempted second degree murder, first degree assault with a deadly weapon, illegal discharge of a firearm, and a crime of violence sentence enhancer.  We affirm.

## I.     Background

¶ 2     Before trial, Skinner disagreed with his public defenders about fundamental defense strategy.  The district court conducted a hearing under *People v. Bergerud*, 223 P.3d 686 (Colo. 2010), and agreed the conflict justified removing defense counsel.  But instead of accepting substitute counsel, Skinner elected to proceed pro se.  The court then advised Skinner under *People v. Arguello*, 772 P.2d 87 (Colo. 1989), and accepted Skinner's waiver of the right to counsel.

¶ 3     Skinner represented himself at trial, and a jury found him guilty on all counts.  The district court sentenced Skinner to thirty-two years in prison.

## II.     Discussion

¶ 4     Skinner contends that the district court erred by finding that he validly waived his right to counsel.  We disagree.

## A. Applicable Law and Standard of Review

¶ 5    The Sixth Amendment guarantees a criminal defendant the right to the assistance of counsel.  U.S. Const. amends. VI, XIV; *People v. Lavadie*, 2021 CO 42, ¶ 23; *see also* Colo. Const. art. II, § 16.  A criminal defendant also has the constitutional right to self-representation.  *Lavadie*, ¶ 23.  Before proceeding pro se, however, a defendant must first waive his right to counsel.  *Id.* at ¶ 25.  A defendant validly waives the right to counsel if (1) the defendant is competent to waive the right; and (2) the waiver is made voluntarily, knowingly, and intelligently.  *Id.* at ¶ 26.

¶ 6    A waiver is voluntary if it was "not extracted by threats or violence, promises, or undue influence."  *Id.* at ¶ 27 (quoting *People v. Davis*, 2015 CO 36M, ¶ 18).  A waiver is knowing and intelligent if "the record clearly shows that the defendant understood the nature of the charges, the statutory offenses included within them, the range of allowable punishments, the possible defenses to the charges and circumstances in their mitigation, and all other facts essential to a broad understanding of the whole matter."  *Id.* at ¶ 28.

¶ 7    Whether a defendant effectively waived his right to counsel is a mixed question of fact and law, meaning we defer to the district court's factual findings if supported by the record but review de novo the legal question of whether the facts establish a valid waiver. *Id.* at ¶ 22.

### B.    Skinner Validly Waived His Right to Counsel

¶ 8    Skinner contends that his waiver was invalid because he experienced "paranoia and other concerning mental health issues" that were "revealed" to the district court during the *Arguello* hearing.[1]

¶ 9    But the record of the *Arguello* hearing doesn't support this contention. At the *Arguello* hearing, the court carefully advised Skinner about the charges against him, the possible penalties, and his right to counsel. The court explored Skinner's educational background, his familiarity with the legal system, and his understanding of the many risks of self-representation. Skinner

---

[1] It's unclear whether Skinner contends his waiver was invalid because he was incompetent or because it wasn't made voluntarily, knowingly, and intelligently. *See People v. Davis*, 2015 CO 36M, ¶¶ 22-27 (explaining how a defendant's mental illness factors into Colorado's two-part waiver analysis). Because Skinner appears to argue the latter, we follow his lead.

responded appropriately to the court's questions, explaining that while he didn't have any legal training, he graduated high school and had one year of college, he was a good reader, he was "not scared," he would "defend [himself] correctly," and he knew that when "you're innocent . . . you can fight for yourself." And he confirmed that he was "thinking clearly" and that no one made "any promises or threats" to get him to waive his right to counsel.[2]

¶ 10     We are not persuaded otherwise by Skinner's argument that he experienced a "delusion that his innocence was enough for him to justify representing himself at trial." That Skinner wanted to pursue an innocence defense doesn't make him delusional or suggest that his waiver wasn't knowing and intelligent. And there's no indication that Skinner's behavior or expressed belief of innocence caused the judge, who was present and able to evaluate Skinner's conduct during the *Arguello* hearing (and the *Bergerud* hearing that preceded it), to question the validity of Skinner's

---

[2] Skinner was also given a twenty-six-question *Arguello* advisement on paper. His responses were consistent with those given during the *Arguello* hearing.

4

waiver.[3]  *See Indiana v. Edwards*, 554 U.S. 164, 177 (2008) ("[T]he trial judge . . . will often prove best able to make more fine-tuned mental capacity decisions, tailored to the individualized circumstances of a particular defendant.").

¶ 11    We are equally unpersuaded that evidence of Skinner's purported mental illness "reflected in reports provided to the trial court . . . at the time his [Crim. P.] 35(b) motion was litigated" supports his argument that his waiver of the right to counsel was not valid.  Though we consider the totality of the circumstances in the whole record to determine whether a defendant's waiver was valid, *Lavadie,* ¶¶ 35-43, Skinner's Rule 35(b) motion was litigated almost two years after he waived his right to counsel.  And Skinner points to nothing in the Rule 35(b) proceedings to suggest that his waiver of his right to counsel two years earlier was invalid.  Indeed, beyond a couple lines in his opening brief, Skinner neither develops this argument nor provides any legal authority to support it.  To the extent Skinner expands on this argument in his reply brief, we

---

[3] Skinner's former defense counsel was also present during the *Bergerud* and *Arguello* hearings and raised no concerns regarding the validity of Skinner's waiver.

won't consider arguments raised for the first time in a reply brief. *See People v. Owens*, 2024 CO 10, ¶ 90.

¶ 12　　Finally, we decline to address Skinner's argument that his "inability to validly waive his right to counsel extended into the sentencing proceedings in his case." Because Skinner doesn't develop this argument with legal authority or citations to the record (beyond a general reference to the whole sentencing transcript), we won't address it further. *See People v. Stone*, 2021 COA 104, ¶ 52 (acknowledging that appellate courts don't address undeveloped arguments).

## III. Disposition

¶ 13　　We affirm the judgment.

JUDGE NAVARRO and JUDGE GOMEZ concur.